**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **PLATINUM PROPERTY** : <br> **MANAGEMENT SERVICES,** : <br> **LLC,** *agent of* **Steven M. Long and** : <br> *agent of* **Connie J. Long,** : <br> : <br> **Plaintiff,** : <br> : <br> **v.** : <br> : <br> **TIFFANY M. WEST-PRYOR** : <br> *and All Others*, : <br> : <br> **Defendant.** : | **CIVIL ACTION FILE NO.** <br> **1:13-cv-03396-WSD-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S
<u>FINAL REPORT AND RECOMMENDATION</u>**

This matter is currently before the Court on Defendant's application to proceed *in forma pauperis* ("IFP"). [Doc. 1]. For the reasons below, the undersigned **RECOMMENDS** to the District Judge that he **DENY** the IFP application and **REMAND** the matter to the Magistrate Court of Gwinnett County, Georgia.

*I.    Introduction*

On August 26, 2013, Defendant Tiffany M. West-Pryor, proceeding *pro se*, filed an IFP application seeking to remove a state-court dispossessory action that concerned property located at 4193 Moonbeam Way, in Snellville, Georgia. Notice of Removal

AO 72A
(Rev.8/8
2)

at 1-2, *Platinum Prop. Mgmt. Servs., LLC, v. West-Pryor*, Civ. Action No. 1:13-cv-2846-WSD (N.D. Ga.), ECF No. 1-1.[1] The case had been brought against her by Plaintiff Platinum Property Management Services, LLC, in the Magistrate Court of Gwinnett County, Georgia. *Id.* at 2. Defendant stated that she sought to remove the action to federal court on the grounds that Plaintiff violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, Rule 60 of the Federal Rules of Civil Procedure, and its "legal duty to abort eviction pursuant to O.C.G.A. § 51-1-6," and that the dispossessory action violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Id*. at 1-2. Defendant sought removal, "adequate discovery," and "relief this Court deems just and proper." *Id*. at 3.

The Court found that although Defendant's IFP application appeared to be somewhat incomplete, it was clear that she had few assets and that her monthly income did not outweigh her true costs of living, and the Court therefore granted the application to proceed IFP. Order at 4, *Platinum Prop. Mgmt. Servs.*, Civ. Action No. 1:13-cv-2846-WSD (Aug. 28, 2013), ECF No. 2. The undersigned also found, however, that the Court did not have original jurisdiction over the matter and accordingly

---

[1] The Gwinnett County Magistrate Court assigned the matter Civil Action No. 13-M-12135. Notice of Removal at 5, *Platinum Prop. Mgmt. Servs., LLC*, Civ. Action No. 1:13-cv-2846-WSD (Aug. 26, 2013), ECF No. 1-1.

AO 72A
(Rev.8/82)

recommended to the District Judge that he remand the case to the Magistrate Court of Gwinnett County. Report & Recommendation at 10-11, *Platinum Prop. Mgmt. Servs.*, Civ. Action No. 1:13-cv-2846-WSD (Aug. 28, 2013), ECF No. 4. On September 25, 2013, the District Judge adopted the undersigned's report and recommendation and directed the Clerk to remand the matter to the Magistrate Court of Gwinnett County, Georgia. Order, *Platinum Prop. Mgmt. Servs.*, Civ. Action No. 1:13-cv-2846-WSD, ECF No. 6.

On October 15, 2013, Defendant filed the IFP application and notice of removal that are presently pending before the Court. [Doc. 1]. Again, she seeks to remove a state-court dispossessory action that concerns the property located at 4193 Moonbeam Way and that was brought against her by Plaintiff Platinum Property Management Services, LLC, in the Magistrate Court of Gwinnett County, Georgia. [Doc. 1-1 at 7].[2] Defendant again states that she seeks to remove the action on the grounds that Plaintiff violated the FDCPA, Rule 60 of the Federal Rules of Civil Procedure, an apparent

---

[2] The case number on the dispossessory complaint is illegible. [*See* Doc. 1-1 at 7]. Defendant states that the Gwinnett County Magistrate Court assigned the matter Civil Action No. 13-M-32362. [*Id.* at 1].

AO 72A
(Rev.8/82)

state-law "legal duty to abort eviction,"[3] and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. [*Id.* at 3]. She again seeks removal, "adequate discovery," and "relief this Court deems just and proper." [*Id.* at 4].

## II.   *IFP Application*

In her IFP application, Defendant indicates that she is divorced and receives $1,000 per month in child-support payments and $865 per month in food stamps. She states that she is unemployed and has not been employed for the past two years. She indicates that she has no bank accounts or money in any other financial institution and has $33 in cash on hand. She also states that she has no major assets. She indicates that she has three sons, ages nineteen, seven, and six, and two daughters, ages fifteen and fourteen, all of whom depend on her for support. She reports an average total of $4,204 in monthly expenses: $1,895 for housing, $600 for utilities, $75 for home maintenance, $865 for food, $200 for clothing, $50 for medical and dental expenses, $70 for transportation, and, although she does not report owning a car, $111 for auto insurance and $338 for motor vehicle payments.

---

[3]   In the first petition for removal, Defendant stated that the duty arose pursuant to O.C.G.A. § 51-1-6. Notice of Removal at 1, *Platinum Prop. Mgmt. Servs.*, Civ. Action No. 1:13-cv-2846-WSD (Aug. 26, 2013), ECF 1-1. In the present notice of removal, she states that the duty arises "pursuant to 95.11." [Doc. 1-1 at 3].

The Court "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[4] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). This section is intended to provide indigent litigants with meaningful and equal access to the judicial system. *Neitzke v. Williams*, 490 U.S. 319, 324 (1988); *Adkins v. E.I. duPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948); *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997). Section 1915 does not, however, create an absolute right to proceed in civil actions without payment of costs. Instead, the statute conveys only a privilege to proceed to those litigants unable to pay filing fees when the action is not frivolous or malicious. *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969).[5] Moreover, while the

---

[4] Although Congress used the word "prisoner" here, § 1915 applies to non-prisoner indigent litigants as well as prisoners. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004); *see also Rivera v. Allin*, 144 F.3d 719, 722 (11th Cir. 1998); *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997). The United States Court of Appeals for the Sixth Circuit has concluded that the use of the word "prisoner" here was a typographical error and that Congress intended to use the word "person" instead. *See Floyd v. United States Postal Serv.*, 105 F.3d 274, 275 (6th Cir. 1997).

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

5

AO 72A
(Rev.8/82)

privilege of proceeding IFP does not require a litigant to demonstrate absolute destitution, " 'something more than mere statement and an affidavit that a man is "poor" should be required before a claimant is allowed to proceed in forma pauperis.' " *Levy v. Federated Dep't Stores*, 607 F. Supp. 32, 35 (S.D. Fla. 1984) (quoting *Evensky v. Wright*, 45 F.R.D. 506, 507-08 (N.D. Miss. 1968)). The affidavit required by the statute must show an inability to prepay fees and costs without foregoing the basic necessities of life. *Adkins*, 335 U.S. at 339.

Here, it appears that Defendant has again failed to report all of her assets; in particular, it appears that she owns a car but has not disclosed the ownership to the Court. Moreover, she has failed to sign the affidavit supporting her application for leave to proceed IFP and therefore has not attested to the truth and completeness of the financial information she supplied to the Court. Thus, the requirements of 28 U.S.C. § 1915(a)(1) have not been satisfied, and this Court cannot grant the application for leave to proceed IFP.

### III.   *Frivolity Review*

Regardless, even had Defendant filed a proper and complete application and affidavit showing indigence, her application to proceed IFP in this Court would nevertheless fail to survive the frivolity review required under 28 U.S.C. § 1915(e) because the Court lacks subject-matter jurisdiction over the case. As a result, the

undersigned finds that the application to proceed IFP may also be denied on frivolity grounds.  For the same reasons, the undersigned also **RECOMMENDS** that the matter be **REMANDED** to the Magistrate Court of Gwinnett County.

Under 28 U.S.C. § 1915(e), a court must "*sua sponte* dismiss [an indigent non-prisoner's] complaint or any portion thereof which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune." *Robert v. Garrett*, No. 3:07-cv-625, 2007 WL 2320064, at *1 (M.D. Ala. Aug. 10, 2007); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).[6]  A *pro se* complaint is liberally construed. *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008).  Nevertheless, a claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.' " *Napier v.*

---

[6] Independent of the Court's duty under § 1915(e) to evaluate the claim of a party proceeding *in forma pauperis*, the Court also has an obligation to insure that subject matter jurisdiction exists. " 'Subject matter jurisdiction . . . refers to a tribunal's power to hear a case.' " *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 891 (11th Cir. 2013) (quoting *Morrison v. Nat'l Australia Bank, Ltd.*, 130 S. Ct. 2869, 2877 (2010)). "As the Federal Rules of Civil Procedure state, 'If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.' " *Williams v. Warden, Federal Bureau of Prisons*, 713 F.3d 1332, 1337-38 (11th Cir. 2013) (quoting Fed. R. Civ. P. 12(h)(3)); *accord Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."); *id.* ("Subject-matter jurisdiction can never be waived or forfeited."); *see also Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) ("Federal courts are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking.") (quotation marks omitted).

7

*Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). A plaintiff does not state a claim under § 1915(e)(2)(B)(ii) "when the facts as pleaded do not state a claim for relief that is 'plausible on its face.' " *Thompson v. Fernandez Rundle*, 393 Fed. Appx. 675, 678 (11th Cir. Aug. 20, 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Moreover, § 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Bilal*, 251 F.3d at 1349 (quoting *Neitzke*, 490 U.S. at 327).

A defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). A district court lacks subject-matter jurisdiction over a removal action when it does not have "original jurisdiction over the plaintiff's claims." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Original jurisdiction under § 1441 arises if there is diversity of citizenship or the complaint presents a federal question. *See* 28 U.S.C. § 1441(b); *Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1352 n.2 (11th Cir. 2003); *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999). "The district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time." *Corporate Mgmt. Advisors, Inc. v.*

8

AO 72A
(Rev.8/82)

*Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Further, "[f]ederal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

Although Defendant's grounds for removal are not entirely clear, it appears that she seeks to remove the case on the ground that the FDCPA, the Fourteenth Amendment, or Rule 60 establishes federal-question jurisdiction. [*See* Doc. 1-1 at 3]. However, out of an abundance of caution, given Defendant's *pro se* status, the undersigned will address both diversity-of-citizenship jurisdiction and federal-question jurisdiction.

### A.   *Diversity-of-Citizenship Jurisdiction*

Under 28 U.S.C. § 1332, district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). Under § 1332(a), an in-state plaintiff may invoke diversity jurisdiction in a federal court that sits in the state where the plaintiff resides. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The removal

statute does not provide an in-state party the same flexibility in removing cases, however. *Id.* at 89-90 ("The scales are not evenly balanced" for plaintiffs bringing a case under diversity jurisdiction and for defendants removing a case under diversity jurisdiction.). Instead, § 1441(b) bars removal on the basis of diversity if the "part[y] is a citizen of the State in which [the] action is brought." *Id.* at 90 (quoting 28 U.S.C. § 1446(b)); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996).

The Court concludes that diversity-of-citizenship jurisdiction is non-existent for two reasons. First, the case does not meet the amount-in-controversy requirement. As District Judges in the Northern District of Georgia have held in a similar context:

> In this case, Defendant has failed to demonstrate that either there is diversity of citizenship between him and [Plaintiff] or that the amount in controversy in this matter exceeds $75,000.00. As a dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to the property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement. *See Novastar Mortgage, Inc. v. Bennett*, 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001) [Pannell, J.] (holding on nearly identical facts that claim for ejectment in summary dispossessory proceeding after foreclosure sale cannot satisfy the amount in controversy requirement as a matter of law). Accordingly, 28 U.S.C. § 1332 cannot serve as a basis for removal.

*Fed. Home Loan Mortg. Corp. v. Williams*, Nos. 1:07-CV-2864-RWS, 1:07-CV-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) (Story, J.). It appears that $8,169, plus court costs, is at issue in the action. [*See* Doc. 1-1 at 7]. The

10

AO 72A
(Rev.8/82)

dispossessory proceeding therefore falls well short of the amount-in-controversy requirement.

Second, even if the amount-in-controversy requirement could be satisfied, the Court finds that § 1441(b) does not permit removal on diversity grounds to the Northern District of Georgia because Defendant is a citizen of the State of Georgia, which is the state where Plaintiff brought the dispossessory proceeding against her. [Doc. 1-2 at 1 (stating that Defendant is a citizen of the State of Georgia)]. Stated another way, Defendant, a citizen of Georgia, cannot remove the case to a federal court in Georgia because Plaintiff brought the dispossessory action in Georgia. *See Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (stating that "[w]hen a case is removed based on diversity jurisdiction, as this case was, the case must be remanded to state court if . . . one of the defendants is a citizen of the state in which the suit is filed" and citing § 1441(b)); *Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1327 (11th Cir. 2010) (same); *Fed. Nat'l Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 194 (6th Cir. 1989) (holding that defendant's removal of foreclosure action brought in an Ohio Magistrate Court to an Ohio federal court was improper because defendant was a citizen of Ohio); *see also Bregman v. Alderman*, 955 F.2d 660, 663 (11th Cir. 1992) (finding removal improper because although there was diversity of citizenship, two of the parties were citizens of the forum state).

11

AO 72A
(Rev.8/82)

Therefore, the undersigned finds that removal is not proper on the basis of diversity of citizenship.

### B.     Federal-Question Jurisdiction

A federal question exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998). "To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal." *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 430-31 (1999); *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1013 (11th Cir. 2003) ("[U]nless the face of a plaintiff's complaint states a federal question, a Defendant may not remove a case to federal court on [a federal question] basis, even though a possible defense might involve a federal question."). Nor may a counterclaim serve as the basis for federal-question jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 56 (2009) (federal jurisdiction cannot be predicated on an actual or anticipated defense or counterclaim); *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002); *Whitt v. Sherman Int'l*

12

*Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998). The removing defendant bears the burden of proving that a federal question exists. *See Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005); *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

Here, there is no indication that Plaintiff's complaint raises anything more than a dispossessory claim. [*See* Doc. 1-1 at 7]. Dispossessory actions are authorized under the Official Code of Georgia. *See* O.C.G.A. § 44-7-49 *et seq*. No federal law or authority is invoked on the face of the complaint, nor does Plaintiff request any relief other than overdue rent, late fees, costs of suit, and possession of the premises. [Doc. 1-1 at 7]. Thus, the claim forming the basis for this action is simply a dispossessory action and therefore exclusively a matter of state law. *See Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) (Batten, J.). As a result, the undersigned finds that there is no federal question presented in the complaint such that this Court might exercise subject-matter jurisdiction over this matter under 28 U.S.C. § 1331.

## *IV.   Conclusion*

Defendant has not shown that she is entitled to proceed IFP. Nevertheless, even had she qualified for IFP treatment, the IFP application would not have survived frivolity nor subject-matter jurisdiction review because Plaintiff's complaint contains

AO 72A
(Rev.8/8
2)

no grounds upon which the Court might exercise subject-matter jurisdiction over the matter. Simply put, the federal courts do not have the power to hear this case.

Consequently, the undersigned **RECOMMENDS** to the District Judge that he **DENY** the application to proceed IFP and **REMAND** this action to the Magistrate Court of Gwinnett County, Georgia.

The Clerk is **DIRECTED** to **TERMINATE** the reference to the undersigned Magistrate Judge.

**IT IS SO ORDERED**, this the 12th day of November, 2013.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE