IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**PLATINUM PROPERTY MANAGEMENT SERVICES, LLC,** agent of STEVEN M. LONG and agent of CONNIE J. LONG,

Plaintiff,

v.

**TIFFANY M. WEST-PRYOR and all others,**

Defendant.

1:13-cv-3396-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Alan J. Baverman's Final Report and Recommendation [2] ("R&R"), which recommends remanding this dispossessory action to the Magistrate Court of Gwinnett County, Georgia. that Defendant wrongfully removed to this Court.

### I.   BACKGROUND

On September 17, 2013, Plaintiff Platinum Property Management, LLC ("Plaintiff") initiated a dispossessory proceeding against its tenant, Defendant Tiffany M. West-Pryor ("Defendant"), in the Magistrate Court of Gwinnett

County, Georgia.[1]  The Complaint seeks possession of premises currently occupied by Defendant, plus past due rent, late fees and costs.

On October 15, 2013, Defendant removed the case to this Court by filing her proceeding *pro se*, removed the Gwinnett County Action to this Court by filing her Notice of Removal and an application to proceed *in forma pauperis* ("IFP") [1]. Defendant appears to assert that there is federal subject-matter jurisdiction based on the existence of a question of federal law.  She claims in her Notice of Removal that "Respondent" violated the Fair Debt Collection Practices Act, the Federal Rules of Civil Procedure, and "28 USC 1367" and "28 USC 1446(D) [sic]" "having a legal duty to abort eviction pursuant to 95.11."  (Notice of Removal [1.1] at 2-3).  Defendant also claims that the dispossessory action violates the Due Process Clause of the Fourteenth Amendment.  (Id. at 3-4).

On November 13, 2013, Magistrate Judge Baverman issued his R&R recommending that the Court remand this case to state court.  Judge Baverman found that Plaintiff's underlying pleading shows that this action is a dispossessory action, which Defendant contends violates federal law.  Noting that a federal law

---

[1]  No. 13-M-32362.  The Court notes that this is the second dispossessory action filed by Plaintiff and removed by Defendant to this Court.  See 1:13-cv-2846-WSD (Magistrate Court of Gwinnett County No. 13-M-12135; removed on August 26, 2013 and remanded for lack of subject matter jurisdiction on September 25, 2013).

2

defense or counterclaim alone is not sufficient to confer federal jurisdiction, Judge Baverman concluded that the Court does not have federal question jurisdiction over this matter.  Judge Baverman also found that the amount in controversy does not exceed the $75,000 jurisdictional threshold and that Defendant, a Georgia citizen, cannot remove to federal court an action brought against her in a Georgia state court.  Judge Baverman concluded that the Court does not have diversity jurisdiction over this matter and that this case is required to be remanded to state court.

There are no objections to the R&R.

## II.     DISCUSSION

### A.     Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been

asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

  B.  Analysis

The Court agrees with the R&R's conclusion that the Court lacks federal question jurisdiction over this matter. It is well-settled that federal-question jurisdiction only exists when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal subject matter jurisdiction over a cause of action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 830-32 (2002).

The Court also with the R&R's conclusion that the Court lacks diversity jurisdiction over this matter because Defendant has not demonstrated that the amount in controversy exceeds the statutory threshold of $75,000. "[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement." Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS,

2008 WL 115096, at *2 (N.D. Ga. Jan 29, 2008); see also Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010) ("[T]his court has held that as a matter of law, a claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for the purposes of determining the amount in controversy."); Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001), aff'd, 35 F. App'x 858 (11th Cir. 2002).  Defendant cannot allege the perceived benefit in her residence exceeds $75,000.00 and thus, is unable to meet the jurisdictional amount required to support the Court's exercise of diversity jurisdiction.  See Best Buy Co., 269 F.3d at 1319; Citimortgage, 705 F. Supp. 2d at 1382; Novastar Mortg., 173 F. Supp. 2d at 1361-62.

Because the Court lacks subject matter jurisdiction over this matter, the Court adopts the recommendation to remand this case to the state court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[2,3]

---

[2]   Judge Baverman also found that Defendant's IFP application fails to comply with 28 U.S.C. § 1915(a)(1).  The Court agrees with Judge Baverman's conclusion that Defendant's request to proceed IFP must be denied for this additional reason.

[3]   Even if subject-matter jurisdiction existed, the Court notes that it is unable to grant Defendant the relief she seeks—a stay of state court eviction proceedings—because a federal court is prohibited under the Anti-Injunction Act, 28 U.S.C. § 2283, from enjoining a state court eviction proceeding.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Alan J. Baverman's Final Report and Recommendation [2] is **ADOPTED**. The Clerk is **DIRECTED** to **REMAND** this action to the Magistrate Court of Gwinnett County, Georgia.

**SO ORDERED** this 9th day of May, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE